FILED

**NOT FOR PUBLICATION**

NOV 06 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CONSTANTINO CARRERA, | No. 08-99007 |
| Petitioner - Appellant, | D.C. No. 1:90-CV-00478-AWI |
| v. | |
| ROBERT L. AYERS, Jr., Warden, Warden of the California State Prison at San Quentin, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief District Judge, Presiding

Argued and Submitted June 20, 2012
Pasadena, California

Before: KOZINSKI, Chief Judge, PREGERSON, W. FLETCHER, FISHER,
BERZON, TALLMAN, CLIFTON, IKUTA, N.R. SMITH, MURGUIA, and
CHRISTEN, Circuit Judges.

Constantino Carrera appeals the district court's denial of his petition for a

writ of habeas corpus. Carrera alleges multiple trial errors that entitle him to

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

habeas relief. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm on the issues addressed in this memorandum disposition. In an opinion filed concurrently with this memorandum disposition, we affirm the denial of Carrera's ineffective assistance of counsel claim based on defense counsel's failure to make a *Wheeler* motion.

We review de novo a district court's decision to deny a petition for habeas relief and review a district court's findings of fact for clear error. *Robinson v. Schriro*, 595 F.3d 1086, 1099 (9th Cir. 2010). This court cannot grant habeas relief unless a trial error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (internal quotations omitted). Under this standard, habeas relief cannot be granted unless there is "a reasonable probability" that the jury would have reached a different verdict absent the constitutional error. *Clark v. Brown*, 450 F.3d 898, 916 (9th Cir. 2006).

## I. Inconsistent Testimony

Carrera was not prejudiced by any inconsistencies between Miguel Santana's testimony at Ramiro Ruiz's trial and Santana's testimony at Carrera's subsequent trial. Initially, only two of the alleged inconsistencies were in fact inconsistent: (1) whether it was Ruiz or Carrera who asked Santana if he had the

2

"guts to kill" on the night of the murders and (2) whether it was Ruiz or Carrera who wore grey Trax sneakers on the night of the murders.

The testimony relating to whether Santana learned about the killings from Carrera, Ruiz, or both of them–the third alleged inconsistency–was not, in fact, inconsistent. Thus, no hearsay exception applied, and the trial court did not err when it instructed defense counsel not to cross-examine Santana about the testimony he gave at Ruiz's trial. Further, because Santana's testimony was based on statements made by Carrera, rather than Ruiz, there was no violation of the Confrontation Clause.

The fourth alleged inconsistency–whether it was Carrera or Ruiz who obtained a larger knife during the attack–was not inconsistent. At the trials of both Ruiz and Carrera, Santana testified that Ruiz's knife broke and Ruiz went into the kitchen to get a bigger knife. The prosecutor in Carrera's trial argued during his closing that it was Carrera who got the bigger knife. Although this may be evidence of prosecutorial misconduct, it does not render Santana's evidence inconsistent.

The testimony regarding the "guts to kill" question related only to whether Carrera intended to kill the victims, not to whether he had intent to commit robbery. However, Carrera could have been found guilty of felony murder even if

3

he intended only to rob the motel. Thus, any inconsistency was harmless. The inconsistency regarding who wore the grey Trax sneakers was harmless in light of the other overwhelming evidence that Carrera participated in the killings. Further, except for the testimony relating to whether Santana learned about the killings from Carrera, Ruiz, or both of them, the trial court placed no limitations on defense counsel's ability to cross-examine Santana regarding the alleged inconsistency.

Finally, even if all of the alleged inconsistencies had been fully presented to the jury, there is no reasonable probability that the jury would have reached a different verdict. Evidence of Carrera's participation in the robbery was overwhelming. Therefore, Carrera was not prejudiced by defense counsel's failure to conduct more extensive cross-examination with respect to Santana's inconsistent testimony. Nor was Carrera prejudiced by the prosecutor's objection to defense counsel's attempt to cross-examine Santana or by the prosecutor's failure to correct the inconsistencies in Santana's testimony. Thus, Carrera is not entitled to habeas relief based on this ground.

## II. Trial Court's Jury Instructions

Carrera was not prejudiced by the trial court's failure to instruct the jury (1) that a robbery is completed once the perpetrator reaches a place of temporary safety, and (2) that a person cannot aid and abet a felony murder if his participation

4

in the felony began after the murder occurred. Carrera correctly contends that, absent these instructions, it was *possible* for the jury to convict him of felony murder based only on his participation in crimes as an accessory after the fact–when he helped destroy the evidence the day after the robbery and murders. However, based on the evidence presented at trial, there is not a "reasonable probability" that the jury convicted Carrera merely because he helped destroy evidence the day after the murders. *See Clark*, 450 F.3d at 916. Correct jury instructions would not have changed the outcome of this case given the overwhelming evidence that Carrera participated in the robbery–witnesses testified that Ruiz and Carrera were absent from a party during the time of the murders, witnesses saw a spot of blood on Carrera's pants, and witnesses testified Carrera was wearing sneakers whose soles matched bloody footprints left at the murder scene. Thus, Carrera is not entitled to habeas relief based on this ground.

## III. Ineffective Assistance of Counsel

Carrera was not denied effective assistance of counsel based on defense counsel's personal and financial difficulties. Under *Strickland v. Washington*, 466 U.S. 668 (1984), to establish ineffective assistance of counsel, a defendant must prove: (1) deficient performance–that is, his counsel's performance "fell below an objective standard of reasonableness," *id.* at 687–88; and (2) prejudice–that is, "a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. Defense counsel had declared bankruptcy about a year before she was appointed as counsel for Carrera. Further, not long after she was appointed, her husband shot her during a drunken argument, and she filed for divorce. Carrera provides a list of errors he contends would not have occurred had defense counsel familiarized herself more fully with the case. Carrera, however, fails to show that any of these alleged errors made by defense counsel prejudiced him. Thus, Carrera is not entitled to habeas relief based on this ground.

**AFFIRMED.**

6

*Carrera v. Ayers*, No. 08-99007

Pregerson, Circuit Judge, dissenting respectfully:

Defendant Carrera was denied a fair trial. Carrera's defense attorney was incompetent and her unprofessional conduct prejudiced Carrera. As explained in my dissent to the published opinion, Carrera was prejudiced by his attorney's failure to raise a *Wheeler* challenge to the prosecutor's disproportionate strikes of Hispanic jurors. *See People v. Wheeler*, 583 P.2d 748 (Cal. 1978). In the context of this case, this prejudice alone is sufficient to require reversal.

Furthermore, Carrera's defense attorney's personal and financial problems resulted in an apparent conflict of interest: while defending Carrera against a murder charge brought by the District Attorney's office, Carrera's defense attorney was also working with that same District Attorney's office to secure a felony conviction of her husband, who shot her in the arm and said that he "meant to kill" her. The cumulative effect of the defense counsel's errors and conflict of interest, the prosecution witness Miguel Santana's inconsistent testimony, and the trial court's incorrect jury instructions deprived Carrera of his due process right to a fair trial. Accordingly, I would grant Carrera's request for habeas relief.